UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA


THELMA S. WASHINGTON,

      Plaintiff,

vs.                                        Civil Action Number:
                                              4:15-cv-00114-RH-CAS

ALFRED WASHINGTON, et al.,

      Defendants.

---

## DEFENDANT LEON COUNTY'S MOTION TO DISMISS

---

Defendant, named in the Amended Complaint [Doc. 7] as "Leon County Board of Commissioners", by and through the undersigned counsel and pursuant to Federal Rules of Procedure 12(b), hereby files this Motion to Dismiss, and states the following:

1.      On March 26, 2015 the Plaintiff, Thelma S. Washington, filed a *pro se* Amended Complaint alleging violations of 42 U.S.C. section 1983, 1981, and 2000e. [Doc. 7]

2.      The named Defendants' in the Amended Complaint are an individual, two Sheriff's Deputies, the former Sheriff of Leon County (now deceased), City of Tallahassee Mayor Andrew Gillum and the "Leon County Board of Commissioners". The Plaintiff has alleged that the "Leon County Board of Commissioners" is being sued in their individual and official capacities.

**3.**     Leon County Board of Commissioners moves to dismiss this suit for the following reasons:

      a.     Improper party;

      b.     Legislative immunity;

      c.     Some claims are time barred; and

      d.     Failure to state a cause of action.

WHEREFORE, Defendant LEON COUNTY, requests this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice as to this Defendant.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), undersigned council hereby certifies that the undersigned tried, unsuccessfully, to notify the pro se Plaintiff of this Motion to Dismiss.

BY:    //s//  William B. Graham
        HERBERT W.A. THIELE, ESQUIRE
        Leon County Attorney
        Florida Bar No. 261327
        WILLIAM B.GRAHAM, ESQUIRE
        Florida Bar No.  0359068
        MATTHEW S SCANLAN, ESQUIRE
        Florida Bar No.   0028391
        Carr Allison
        305 South Gadsden Street
        Tallahassee, Florida  32301

        ***Counsel for Defendant,***
        ***Leon County***

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA


THELMA S. WASHINGTON,

        Plaintiff,

vs.                              Civil Action Number:
                                    4:15-cv-00114-RH-CAS

ALFRED WASHINGTON, et al.,

        Defendants.

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

---

Defendant, LEON COUNTY ("the County"), pursuant to Local Rule 7.1(A), hereby files this Memorandum of Law in support of its Motion to Dismiss, and states the following:


### PROCEDURAL HISTORY

Pro se Plaintiff filed an Amended Complaint [Doc. 7] against the "Leon County Board of Commissioners", as well as other defendants, alleging various Civil Rights violations related to an alleged failure of local law enforcement to enforce court orders she lawfully obtained.   The named Defendants appear to be an individual ("Defendant Washington"), two Sheriff Deputies ("Defendants Simpson and Pierson"), the now-deceased Leon County Sheriff, Larry Campbell ("Defendant Sheriff"), the Mayor of the City of

Tallahassee ("Defendant Mayor"), and the "Leon County Board of Commissioners" ("Defendant County" or "County").

In Count I of the Amended Complaint, Plaintiff alleges intentional torts against Defendant Washington. In Count II, Plaintiff alleges "Deliberate Indifference and Breach of Duty" by Defendants Simpson and Pierson, and Defendant Sheriff. In Count III of the Amended Complaint, Plaintiff appears to allege a conspiracy involving Defendant Sheriff and Defendant Washington.

Count IV of the Amended Complaint seems to contain three separate allegations under a title of "Failure to Supervise and Monitor". First, Plaintiff alleges the Defendant Sheriff, Defendant Mayor, and Defendant County violated her constitutional rights by failing to supervise and monitor the Sheriff deputies that responded to her various calls. Second, Plaintiff alleges the Defendant Mayor and Defendant County violated her constitutional rights when a local Street Naming system was introduced in 1995. Finally, Count IV alleges her rights were violated again in May 2000, when Defendant Washington was allegedly allowed to name his street under the implemented Street Naming system.

In Count V, Plaintiff makes a claim titled "Administrative Claim," which appears to name Defendant Washington, Defendant Sheriff, Defendant County, and Defendant Mayor. In Count VI, Plaintiff asserts that she has standing to make a "cause of action Sounding in State Law Tort for assault and battery against [Defendant Washington]." Plaintiff's Prayer for Relief (inappropriately labeled "Count VII") seeks declaratory, injunctive, and compensatory relief, including punitive damages.

## STANDARD OF REVIEW

In considering a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a trial court should accept all factual allegations in the complaint as true and evaluate any reasonable inferences to be drawn from those facts in a light most favorable to the plaintiff. Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). However, only **well pleaded factual allegations** should be considered true, not conclusions, opinions, "bald assertions" or "unwarranted deductions of facts." Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009)(emphasis added); Aldana v. Del Monte Fresh Produce, N.A., Inc., 426 F.3d 1242, 1248 (11th Cir. 2005).

Although Rule 8 of the Federal Rules does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 677. To survive a 12(b)(6) attack, a complaint must have facial plausibility, which is accomplished "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility, not the lesser possibility or conceivability, is the threshold for a sufficiently-plead complaint. Id.; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550, 570 (U.S. 2007). Determining whether a complaint states a plausible claim for relief is a question of law that is a context-specific task that requires the court to draw on its own common sense and judicial experience. Ashcroft, 556 U.S. at 679.

## ARGUMENT

**1.      "Leon County Board of Commissioners" is not a proper party**

Plaintiff's allegations against the County are not properly presented to the Court. In the Amended Complaint [Doc. 7], Plaintiff has named "Leon County Board of Commissioners, in their individual and official capacities" as the Defendant. This is improper under §125.15, Fla. Stat., which clearly provides that for counties in Florida, "the County Commissioners shall sue and be sued in the name of the County in which they are Commissioners." See, e.g., Erickson v. Board of County Commissioners of Sarasota County, 212 So.2d 340 (Fla. 2nd DCA 1968). Accordingly, the allegations in the Amended Complaint directed to Defendant "Leon County Board of Commissioners" must be dismissed with prejudice.

Furthermore, to the extent Plaintiff is attempting to name the Commissioners, individually, this is also an inappropriate practice under Title VII. See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.")

Simply put, Plaintiff's Complaint fails to properly name the County as a party. The Florida Legislature has determined the mechanism by which counties and county commissioners can be named in a lawsuit, and Plaintiff has failed to follow the Legislative dictate. Accordingly, this claim cannot be brought against this party, as written, and must be dismissed with prejudice.

**2. Leon County has legislative immunity for its Street Naming Policies**

To the extent Count IV of Plaintiff's Amended Complaint alleges the County's Street Naming and Property Addressing System has somehow caused her harm, Plaintiff's claim

6

must be dismissed.  As a governmental entity, Leon County is immune from any claims related to the enactment of an Ordinance, or the manner in which the County enforces its Ordinances.  See <u>Corn v. City of Lauderdale Lakes</u>, 997 F. 2d 1369, 1392 (11th Cir. 1993) (noting a local legislative body has absolute immunity for "legislative actions" such as promulgating ordinances); <u>see also</u> <u>Baytree of Inverrary Realty Partners v. City of Lauderhill</u>, 873 F.2d 1407, 1409 (11th Cir. 1989)(individual defendants have absolute immunity for conduct furthering legislative duties); <u>Espanola Way Corp. v. Meyerson</u>, 690 F.2d 827, 829 (11th Cir. 1982)(legislative activity to which absolute immunity pertains includes the vote of a city councilperson);<u>Hernandez v. City of Lafayette</u>, 643 F.2d 1188, 1192-93 (5th Cir. 1981) ("local legislators are entitled to absolute immunity from suit under § 1983 for conduct in the furtherance of their duties"); <u>Universal Amusement Co., Inc. v. Hofheinz</u>, 616 F.2d 202, 205 (5th Cir. 1980)(absolute immunity for legislators in the furtherance of their duties; City Council members cannot be held liable). Thus, to the extent Plaintiff has included these allegations as part of the "failure to train" allegations in Count IV, it must be dismissed.

Also, as to paragraph 35 of the Amended Complaint, any complaint or allegation of improper action taken by the County in May of 2000 should be time barred under the common Law Rule of Laches and also by the Florida Statute of Limitations.  If the allegations in the complaint are taken as true, Plaintiff acknowledges that the "Street Naming and Property Addressing System" was established in 1995, and in 2000, Defendant Washington was "illegally allowed" to post a sign on Plaintiff's property. [¶ 35].  The Complaint then continues to explain the various attempts by Plaintiff to bring the issue to the County's attention over the next 16 years. [¶ 36-37].  Thus, by Plaintiff's own admission,

she has been aware of this alleged improper action by the County since at least 2000.  This lawsuit was not filed until May 2015.

Florida's statute of limitation provision, §95.091-§95.361, Florida Statutes, is set up to list the various causes of action that may be brought, and the applicable statute of limitations for each action.  None of the listed provisions seem to apply to Plaintiff's allegations here (improperly allowing Defendant Washington to put a sign on her property).  However, the statute contains a "catchall" provision, §95.11(3)(p), Fla. Stat., that claims the statute of limitation for any cause of action not listed in the statute itself should be 4 years.  Thus, for purposes of this Motion, the County believes any action related to its alleged approval of Mr. Washington's sign should have been filed by 2004.  Plaintiff's attempt to do so now should be forbidden.

Furthermore, even if the applicable statute of limitations has not been violated, Plaintiff's claim should be barred by the equitable doctrine of laches.  The doctrine of laches applies in the Title VII context when plaintiff has inexcusably delayed the bringing of the suit and the delay unduly prejudices the Defendant.  See Howard v. Roadway Express, Inc., 726 F.2d 1529, 1532 (11th Cir. 1984) (citing Bernard v. Gulf Oil Co., 596 F.2d 1249, 1256 (5th Cir. 1979).  Here, there is no allegation in the Complaint justifying the delay of 16 years before suit was filed.  Thus, to the extent Plaintiff's claim is critical of the County's implementation of the sign ordinance in 2000, it should be dismissed with prejudice.

Finally, to the extent Plaintiff is alleging that the County somehow improperly applied the ordinances to her and/or Defendant Washington, the County is also immune.  The Public Duty Doctrine is predicated upon the notion that a local government and its agents are deemed to act for the benefit of the general public rather than specific individuals.  Thus, the

8

local government (Leon County) or it agents may not be held liable to specific individuals for the failure to furnish them with public protection. <u>Seguine v. City of Miami</u>, 627 So.2d 14 (Florida 3rd DCA 1993) and <u>Trianon Park Condominium Association v. City of Hialeah</u>, 468 So.2d 912 (Florida 1985).

Accordingly, Plaintiff's claims regarding the County's Street Naming and Property Addressing System must be dismissed, with prejudice.

### 3. Counts IV, V, and VII do not properly state causes of actions

It is unclear which Counts of the Amended Complaint directly contain allegations against the County. However, in an abundance of caution, the County will address Counts IV, V, and VII, which all fail to state a cause of action upon which relief can be granted.

In the only count that directly asserts claims against Leon County, Count IV, it is alleged that the County was the "moving force" behind Plaintiff's constitutional violations due to a variety of actions. In paragraph 34, the County is said to be responsible because the Defendant Sheriff failed to train and supervise its officers. In paragraph 35, the County (and the City) is allegedly responsible because it established a street naming system and allowed Defendant Washington to post a sign on Plaintiff's property. In Paragraph 36, it is alleged the County participated in a "fraudulent and unconstitutional practice" by allowing Defendant Washington to post a sign on Plaintiff's property for a number of years. In paragraphs 37 and 38, it is alleged the County is responsible for an assault and battery that allegedly resulted due to Defendant Washington being allowed to post a sign on Plaintiff's property.

Taken as a whole, Count IV fails to state a proper cause of action. In fact, Defendant County is unsure what cause of action Plaintiff is attempting to raise. The claim is titled "Failure to Supervise and Monitor". If this is indeed a Title VII claim (it is not clear), Plaintiff has failed to allege each of the required elements. There is no respondent superior liability under §1983. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001). Thus, a municipality/county is only liable under §1983 for constitutional deprivations that are caused by a governmental policy or custom. Id. The official policy or custom must be the moving force of the constitutional violation in order to establish liability. Cuesta v. School Board of Miami-Dade County, 285 F.3d 962, 967 (11th Cir. 2002). There are three ways to show a governmental policy or custom: (1) an express policy; (2) a widespread practice that is so permanent and well-settled as to constitute a custom; or (3) the act or decision of a municipal official with final policy-making authority. Cuesta, 285 F.3d at 966-68.

Although the claim references "Constitutional Rights" vaguely, it does not specifically put the County on notice of the rights being violated. In fact, this is specifically the type of claim the US Supreme Court warned about in Ashcroft. Plaintiff's allegations, when taken as a whole, are no more than "an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 556 U.S. at 677. Plaintiff has not identified "factual content that allows a court to draw a reasonable inference that [the County] is liable for the misconduct alleged." Id. Instead, Plaintiff has attempted to hold the County responsible for the actions of others.

Although Plaintiff frequently uses the actual words "moving force" in describing the alleged failures of the County, there are simply no facts to establish how or why the County's actions caused a constitutional violation to the Plaintiff. Instead, the Complaint includes a laundry list of complaints against the other Defendants and attempts to lasso the County in.

10

As for Plaintiff's claims that the County is somehow responsible for the Sheriff's failure to supervise and monitor the training of his officers, this is not factually or legally accurate. While Leon County provides funding to the Leon County Sheriff's Office, the Sheriff's Office is a separate and distinct constitutional office under the Florida Constitution. Compare Art. VIII, §1(d) to Art. VIII, §1(e), Fla. Const.; see also §30.01, et. seq., Fla. Stat. (Chapter 30 defines "Sheriffs" under the judicial branch of the state). As such, Leon County has no supervision or authority over the actions of the Leon County Sheriff nor any of the deputies who are retained by the Sheriff's Office. See Hill v. Clifton, 74 F.3d 1150, 1152 (11th Cir. 1996) (only those officials who have final policymaking authority may render the County liable); see also Troupe v. Sarasota County, 2004 U.S. Dist. LEXIS 30944, *33 (M.D. Fla. Jan. 22, 2004) ("Counties have no role in the training or supervision of a sheriff's deputies"). Since the County plays no role in training the sheriff or his deputies, it cannot be liable for their actions. See Turquitt v. Jefferson Co., 137 F.3d 1285, 1292 (11th Cir. 1998).

Furthermore, even if the County was responsible for training Sheriff officers (it's not), the Complaint still fails to properly plead a cause of action. "A failure to adequately train [or supervise] municipal employees constitutes an actionable policy or custom for §1983 purposes only where the failure to train [or supervise] amounts to deliberate indifference to the rights of the person with whom the [employees] come into contact." Btesh v. City of Maitland, 2011 U.S. Dist. LEXIS 83464, *96-97 (M.D. Fla. July 28, 2011) (citing Cook v. Sheriff of Monroe Co., 402 F.3d 1092, 1116 (11th Cir. 2005). To establish "deliberate indifference", a plaintiff must allege that the county knew of a need to train and/or supervise in a particular area and the county made a deliberate choice not to take any action. Id. (citing Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir 1998). This

knowledge must be shown by either: 1) a history of prior incidents in which constitutional rights were similarly violated; or 2) an obvious need for training or supervision. Id. Here, Plaintiff's complaint makes no such allegations. Accordingly, even if the County was responsible for training sheriff deputies (it's not), Plaintiff still has not met the Twombly standard and alleged sufficient facts to support a "failure to train" claim against the county. Thus, this count should be dismissed.

As for the remainder of Plaintiff's allegations in Count IV, it appears Plaintiff believes the passage of the sign ordinance in 1995 somehow ultimately ended up being the "moving force" behind her alleged constitutional violations many years later. Again, it is unclear what constitutional rights Plaintiff is alleging, and there are simply no facts in this count to explain what the claim against the County is.

To the extent Plaintiff is alleging a claim against the County for failing to follow its ordinances properly, this does not give rise to a constitutional violation merely because Plaintiff declares it. Under Twombly and its progeny, only well pleaded factual allegations are to be considered true. Ashcroft, 556 U.S. at 678-679.

Accordingly, Count IV fails to state a cause of action and should be dismissed.

In Count V, Plaintiff claims she is making an "Administrative claim" and holds the Defendant County responsible as "the moving force behind the intentional destruction of her property by [Defendant Washington]." [Doc. 7, ¶41]. This does not appear to be a proper cause of action, and the County is unable to determine what alleged actions constitute a claim. Until such time as the elements of an actual tort are pled, including the alleged improper actions of this party, Count V should be dismissed.

In paragraphs 43-50, Plaintiff alleges a Count VII, titled "Prayer for Relief Requested".  This is clearly not a separate cause of action, but rather is merely mislabeled. To the extent these paragraphs constitute a cause of action against Defendant County, it fails to put the County on proper notice and should be dismissed.

**4.      Punitive Damages are not appropriate**

In "Count VII", which appears to be Plaintiff's prayer for relief, punitive damages are sought against all parties. [¶ 47].  However, governmental entities are expressly exempt from punitive damages under Title VII.  See 42 U.S.C. §1981(a)(b)(1)("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)").  Furthermore, the U.S. Supreme Court has held §1983 prohibits punitive damages against municipalities. City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981), and the reasoning behind this holding has led to direct holdings prohibiting punitive damages against counties as well.  See Colvin v. McDougall, 62 F.3d 1316 (11th Cir. 1995); See also §768.28(5), Fla.Stat. (no punitives for tort claims).

Accordingly, in Count VII, Plaintiff's request for punitive damages against the county should be dismissed and/or stricken.


**Conclusion**

Regardless of whether Plaintiff has a valid claim against other Defendants, she has not put forth the necessary facts to establish a claim against the County.  In fact, she has not even properly named the County and/or its Board of Commissioners as Defendants in this matter. For this reason alone, the County should be dismissed.

However, even if the County is properly brought before this Court, the complaint is still lacking. Simply put, there are not enough facts to establish that the County had a plan and/or practice in place to cause a constitutional violation to Plaintiff. In fact, Plaintiff has not even established the constitutional right that was allegedly violated. The complaint, as written, fails to satisfy the minimum pleading requirements of Twombley and Ashcroft. Until such time as Plaintiff has properly pled a Title VII cause of action against the County, the County should not be required to spend valuable time and resources defending itself from specious allegations.

For all of the reasons outlined above, Plaintiff's claim should be dismissed.

WHEREFORE, Defendant LEON COUNTY, requests this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice as to this Defendant.


DATED this 8th day of June, 2015.

Respectfully submitted,


BY: //s//  William B. Graham
HERBERT W.A. THIELE, ESQUIRE
Leon County Attorney
Florida Bar No. 261327
WILLIAM B.GRAHAM, ESQUIRE
Florida Bar No.  0359068
MATTHEW S SCANLAN, ESQUIRE
Florida Bar No.   0028391
Carr Allison
305 South Gadsden Street
Tallahassee, Florida  32301

*Counsel for Defendant,*
*Leon County*

14

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a true and correct copy of the foregoing was served via US Mail and electronic filing pursuant to local rules to:

**THELMA S. WASHINGTON**
8112 Roberts Road
Tallahassee, Florida 32309
  *Plaintiff*


on this 8th day of June, 2015.


           BY: //s//  William B. Graham
           HERBERT W.A. THIELE, ESQUIRE
           Leon County Attorney
           Florida Bar No. 261327
           WILLIAM B.GRAHAM, ESQUIRE
           Florida Bar No.  0359068
           MATTHEW S SCANLAN, ESQUIRE
           Florida Bar No.   0028391
           Carr Allison
           305 South Gadsden Street
           Tallahassee, Florida 32301

           *Counsel for Defendant,*
           *Leon County*