**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**THELMA S. WASHINGTON,**

     **Plaintiff,**

**vs.**                              **Case No. 4:15cv114-RH/CAS**

**ALFRED WASHINGTON, et al.,**

     **Defendants.**

_____/


## REPORT AND RECOMMENDATION

     This case was initiated Thelma Washington proceeding pro se. Ms. Washington paid the filing fee, ECF No. 1,[1] and service of the amended complaint, ECF No. 7, was directed. ECF No. 8. Service has been completed and numerous motions are now pending. Ms. Washington was given notice of her responsibility to respond to the motions to dismiss, and her responses have been considered.

**Allegations of the Amended Complaint**

     Ms. Washington alleges that a "temporary injunction" was issued on March 14, 2011, against Defendant Alfred Washington. ECF No. 7 at 4. She said that on March 28, 2011, a "Final Judgment of Injunction for Protection Against Repeat Violence" was

---

[1] Each document filed in this case is now referenced as "ECF No." (the Electronic Case File) followed by the document number.

entered.  *Id.* at 5.  After Mr. Washington filed a motion to dissolve the injunction, another "Final Judgment of Injunction Against Repeat Violence was entered" on December 23, 2013.  ECF No. 7 at 5.  Ms. Washington alleges that she has a court order stating that Mr. Washington "is not to come on her property, except through the previous-granted 'easement' Case No. 01-899."  *Id.* at 6.  She contends that Mr. Washington violated the easement on numerous occasions, harassed her, and caused her intentional emotional distress.  *Id.* at 7-9.

On March 10, 2011, before the injunction was entered, Ms. Washington alleges she told Defendant Simpson, a deputy employed by the Leon County Sheriff's Office, about the easement.  *Id.*  Ms. Washington alleges that the Leon County Sheriff's Office had a copy of the easement and that Deputy Simpson "knew" Mr. Washington "was in violation of the easement order.  *Id.*  She alleges Deputy Simpson acted with deliberate indifference and failed in his duties to protect Plaintiff by not enforcing previous-granted court orders."  *Id.* at 7.

On April 2, 2011, Ms. Washington called the Sheriff's Office to report "various violations" committed by Mr. Washington.  *Id.* at 8.  She was told that someone would get with her on Monday, April 4, 2011, and she was given case number 11-66731.  *Id.* It was not until April 6, 2011, that Plaintiff spoke with Defendant Pierson, another deputy employed by the Leon County Sheriff's Office.  *Id.*  Deputy Pierson advised Ms. Washington that he had already spoken with Mr. Washington and relayed that Mr. Washington would use "an alternate route to get to and from his place of residence." *Id.*  Ms. Washington contends that the "alternate route . . . is also outside the

boundaries of the easement order that the court granted." *Id.* She alleges that Deputy

Pierson "did not enforce the violation of the Injunction against" Mr. Washington and,

instead, made "excuses for Mr. Washington's illegal use of" her driveway. *Id.*

Ms. Washington contends that instead of enforcing the law in compliance with his

duties, "he sarcastically stated 'Why don't you move?'" *Id.*

Ms. Washington went to the State Attorney's Office on April 14, 2011, and met

with Investigator Doug Paul. *Id.* at 9. Mr. Paul called the Sheriff's Office concerning

Plaintiff's case (case number 11-66731) but was told the "case was closed." *Id.* at 9.

Ms. Washington alleges the Leon County Sheriff "failed to inform" her that "the case had

been closed and failed to do a proper investigation of the criminal violations and

mischief" of Mr. Washington. *Id.* Ms. Washington contends the Sheriff acted with

deliberate indifference and committed "a breach of duty to inform" Ms. Washington. *Id.*

Finally, Ms. Washington asserts that Mr. Washington and the other "Defendants

(County Sheriff and Officers) have a connection and a conspiracy within the Department

in not following the directives of enforcement of the injunction and easement orders"

and permit Mr. Washington "to harass and threaten Plaintiff." *Id.*

Count I appears to be for personal injury torts against Mr. Washington for events

on March 10, 2011. ECF No. 7 at 10. Count II is for deliberate indifference and breach

of duty against Defendants Simpson, Pierson, and Sheriff Larry Campbell. *Id.* at 10-13.

Count III is a conspiracy claim against Defendants Washington, Campbell, and "his

agents." *Id.* at 14-15.  Count IV[2] is for failure "to supervise and monitor" the officers and

is alleged against Defendants Campbell, the Leon County Board of Commissioners, and

Tallahassee Mayor Andrew Gillum.  *Id.* at 15-16.  Count V is titled "administrative claim"

and is against Mr. Washington for coming onto her property and destroying her fence

and clothesline, and also against Sheriff Campbell, the Leon County Board of

Commissioners, and the City of Tallahassee.  *Id.* at 18.  Finally, Count VI is a state law

claim for assault and battery against Mr. Washington.  *Id.*  As relief, Ms. Washington

seeks declaratory judgment, an injunction, compensatory damages of $250,000.00 and

punitive damages of $100,000.00.  *Id.* at 19.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P.

12(b)(6) for failing to state a claim upon which relief can be granted is whether the

plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the

standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129

---

[2] Within the statement of claims section of the complaint, Ms. Washington adds
additional factual allegations and asserts that in May 2000, county and city officials
"illegally allowed" Mr. Washington to "post a sign naming a portion" of her property (the
driveway) "Buddy's Lane."  ECF No. 7 at 16.  Ms. Washington asserts that doing so
violated a county ordinance and both Leon County and the City of Tallahassee allowed
the illegal roadway name to remain on her property for 16 years.  *Id.*  The "Buddy's
Lane" sign remained on her property until May 14, 2013, which Ms. Washington
contends caused her "to endure a lot of hardship, mental and emotional distress before"
the sign was removed.  *Id.* at 17.

S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127

S.Ct. 1955).[3]  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 677 (citing <u>Twombly</u>, 550 U.S. at 556); *see also*

<u>Speaker v. U.S. Dep't of Health</u>, 623 F.3d 1371, 1380 (11th Cir. 2010).  "The plausibility

standard" is not the same as a "probability requirement," and "asks for more than a

sheer possibility that a defendant has acted unlawfully."  <u>Iqbal</u>, 556 U.S. at 677 (quoting

<u>Twombly</u>, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent

with' a defendant's liability," falls "short of the line between possibility and plausibility."

<u>Iqbal</u>, 129 556 U.S. at 677 (quoting <u>Twombly</u>, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's

command to simply give fair notice to the defendant of the plaintiff's claim and the

grounds upon which it rests.  <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992,

998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil

actions, with limited exceptions.").  Pro se complaints are held to less stringent

standards than those drafted by an attorney.  <u>Wright v. Newsome</u>, 795 F.2d 964, 967

(11th Cir. 1986) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30

L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the

claim and the grounds upon which it rests so that a "largely groundless claim" does not

_____

[3] The complaint's allegations must be accepted as true when ruling on a motion
to dismiss, <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert.
denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's
disbelief of a complaint's factual allegations."  <u>Twombly</u>, 127 S.Ct. at 1965, (quoting
<u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 550 U.S. at 558). The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting Twombly, 550 U.S. at 555). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Leon County's Motion to Dismiss, ECF No. 11**

The complaint names the "Leon County Board of Commissioners" as a Defendant, sued in "their individual and official capacities." ECF No. 7 at 3. The Board seeks dismissal of the complaint for failure to state a claim, because some claims are time barred, because the Leon County Board of Commissioners is not a proper party, and because a governmental entity has legislative immunity. ECF No. 7.

Count IV alleges that the Leon County Board of Commissioners is the "moving force behind" Ms. Washington's alleged constitutional violations. ECF No. 7 at 15. The basis for that claim is that the Commissioners did not "supervise and monitor" deputy sheriffs employed under Sheriff Larry Campbell. *Id.* Furthermore, Ms. Washington

complains that the sign, "Buddy's Lane," was unlawfully posted on her property for sixteen years in violation of Leon County Ordinance Code No. 09-39. *Id.* at 16; *see also* ECF No. 23 at 2; ECF No. 36 at 3. Count V of the complaint appears to allege that Leon County was "the moving force" behind Mr. Washington's destruction of her fence on March 10, 2011. ECF No. 7 at 18.

The claim concerning the posting of the sign "Buddy's Lane" should be dismissed because it is barred by the statute of limitations. ECF No. 11 at 8. The County correctly argues that by Ms. Washington's own admission, "she has been aware" for many years of the sign's placement on her property. *Id.* Ms. Washington has demonstrated that she has been contesting the placement of the sign since at least November 2003.[4] ECF No. 23 at 9. A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989)); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)). Regardless of whether Ms. Washington was aware of "the exact Ordinance" that she claims the County violated, she believed the sign was unlawful many years ago. "A claim ordinarily accrues 'when [a] plaintiff has a complete and present cause of action.'"

---

[4] Ms. Washington states that Mr. Washington posted the sign on her property in May 2000. ECF No. 36 at 9.

Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522

U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997) (internal quotation marks

omitted) (quoted in Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1969, 188

L. Ed. 2d 979 (2014).  To the degree Ms. Washington has even alleged a constitutional

claim, it accrued when the sign was posted on her property, not when it was removed in

2013.  No facts were alleged which would support finding this is a continuing violation;

rather, it was alleged that a sign was placed on her property and allowed to remain for

sixteen years.  This claim is barred by the statute of limitations and must be dismissed.

The remainder of the claims are insufficient because they are based on the

doctrine of respondeat superior which is not viable in a civil rights case.  Oklahoma City

v. Tuttle, 471 U.S. 808, 818, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985).  "[A]

municipality may not be held liable under § 1983 solely because it employs a

tortfeasor."  Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403, 117 S.

Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997).  A municipality may be held liable, however, if

a municipal "policy" or "custom" caused a plaintiff's injury.  Bryan Cty., 520 U.S. at 403,

117 S. Ct. at 1388.  Here, no policy or custom has been identified by Ms. Washington in

the complaint.

"In limited circumstances, a local government's decision not to train certain

employees about their legal duty to avoid violating citizens' rights may rise to the level of

an official government policy for purposes of § 1983."  Connick v. Thompson, 563 U.S.

51, 61, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011).  Yet to establish municipal

liability on the theory that the local government failed to supervise or train its

employees, a plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." <u>Bryan Cty.</u>, 520 U.S. at 407, 117 S. Ct. at 1390. "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." <u>Bryan Cty.</u>, 520 U.S., at 410, 117 S.Ct. 1382 (quoted in <u>Connick</u>, 563 U.S. at 61, 131 S. Ct. at 1360). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 409, 117 S.Ct. 1382 (cited in <u>Connick</u>, 563 U.S. at 62, 131 S. Ct. at 1360). Here, Ms. Washington's claim is insufficient because she has not clearly identified any constitutional violation, much less alleged any facts which show a history of prior violations, such that the County could be deliberately indifferent to that constitutional violation.

Moreover, the County "has no supervision or authority over the actions of the Leon County Sheriff nor any of the deputies who are" employed by the Sheriff. <u>Hill v. Clifton</u>, 74 F.3d 1150, 1152 (11th Cir. 1996). "In Florida, sheriffs are independently elected officials" who "act as agents for the state in enforcing the laws of the state." <u>Troupe v. Sarasota Cty., Florida</u>, No. 8:02-CV-53-T24MAP, 2004 WL 5572030, at *12 (M.D. Fla. Jan. 22, 2004) *aff'd sub nom.* <u>Troupe v. Sarasota Cty., Fla.</u>, 419 F.3d 1160 (11th Cir. 2005). "In Florida, a county has no authority and control over a sheriff's law enforcement function." <u>Troupe</u>, 2004 WL 5572030, at *13.[5] Because the Leon County

---

[5] The Code of Law of Leon County, Florida supports the finding that the Leon County Sheriff determines the education and training of deputies. Section 7-26 directs that $2.00 be collected as "court costs" from "each person convicted for violation of a

Board of Commissioners is not responsible for the law enforcement decisions of the Sheriff, the Board has no liability in this case.

Finally, count V of the complaint fails to state a claim because no facts are alleged showing any involvement in the destruction of her fence or clothesline by any person other than Mr. Washington.  ECF No. 7 at 18.  Assuming Mr. Washington committed the acts as alleged, no other Defendant is liable for his actions.  The motion to dismiss, ECF No. 11, filed by the Leon County Board of Commissioners should be **GRANTED**.

**City of Tallahassee and Mayor Andrew Gillum's Motion to Dismiss, ECF No. 15**

Ms. Washington also asserted count IV of the complaint against the City of Tallahassee and Mayor Andrew Gillum.  ECF No. 7 at 15-17.  Count V of the complaint is also brought against the City.  *Id.* at 18.  The City and Mayor incorporate the motion to dismiss filed by the County Board of Commissioners.  ECF No. 15 at 1.  Furthermore, Mayor Gillum also argues that Ms. Washington has not "alleged any plausible facts showing that Mayor Gillum personally took any wrongful action against her."  *Id.* at 2.

Notwithstanding Ms. Washington's arguments to the contrary, the complaint should be dismissed as to the City and the Mayor because those Defendants are not liable on the basis of respondeat superior, the claim concerning the sign "Buddy's Lane" is barred by the statute of limitations, and the complaint fails to allege any facts showing

---

state penal or criminal statute or convicted of a municipal or county ordinance . . . ." Sec. 7-26(a).  "The use and expenditure of such funds shall be in accordance with education and training programs for law enforcement personnel as determined by the sheriff and in accordance with F.S. § 938.15."  Sec. 7-26(b).  Thus, the Sheriff alone determines what training is necessary, not the Board of County Commissioners.

actions or involvement by the City or its Mayor. The motion to dismiss, ECF No. 15, filed by the City of Tallahassee and Mayor Gillum should be **GRANTED**.

**Larry Campbell's motion to dismiss, ECF No. 27**

Former Sheriff Larry Campbell filed a motion to dismiss, ECF No. 27, arguing that Ms. Washington's claims in count II and III of the complaint fail to state a claim and are not sufficiently pled under Iqbal. The motion asserts there are "no factual allegations that Sheriff Campbell himself participated in the allegedly deficient investigation or enforcement of a court order or injunction." *Id.* at 3. Ms. Washington argues that the Sheriff "failed to inform" her that the case was closed and did not conduct a "proper investigation" into her complaint against Mr. Washington. ECF No. 38 at 6. Ms. Washington does not have a constitutional right to be informed by the Sheriff when a case is closed. That is not a valid basis for liability. Moreover, her complaint makes clear that her allegations against Mr. Washington were presented to the two deputies, not the Sheriff. The Sheriff was not investigating her complaint, deputies were. Because there is no basis for individual liability against Sheriff Campbell, the motion to dismiss should be granted on that basis.

Additionally, there is no basis for claims against Sheriff Campbell in his official capacity because Ms. Washington does not identify the violation of an underlying constitutional right and she points to no policy or custom which could have caused any injury. ECF No. 27 at 3. There are also no allegations that Sheriff Campbell created a policy or directive which was followed by either Deputy Pierson or Deputy Simpson. Because the doctrine of respondeat superior cannot be used to hold Sheriff Campbell

liable for the actions of deputies under his employ, the motion to dismiss filed by Sheriff

Larry Campbell, ECF No. 27, should be **GRANTED** in its entirety.

**Deputies Simpson and Pierson's motion to dismiss, ECF No. 29**

Deputies Simpson and Pierson seek dismissal of the claims brought against

them on the basis that the complaint fails to state a claim and is insufficiently pled.  ECF

No. 29.  The deputies argue that the complaint is insufficient because Ms. Washington

"does not identify any right secured under the U.S. Constitution or a federal law that she

was deprived of . . . ."  *Id.* at 5.  They argue Ms. Washington makes vague and

conclusory allegations that the deputies "failed to enforce a court order" concerning an

easement and failed to investigate her complaint.  *Id.* at 5-6.  Additionally, Deputy

Pierson asserts that Ms. Washington acknowledged in the complaint that he did

investigate her complaint because when he responded to her on April 6, 2011, he

advised that he had spoken with "Mr. Washington who agreed to use an alternate route

to access his residence."  *Id.* at 6.

Ms. Washington contends that she provided sufficient facts to give the deputies

notice of the basis for her claim and asserts it states a claim upon which relief may be

granted.  ECF No. 42 at 3-4.  She also contends she stated valid Fourth and Fourteenth

Amendment claims and asserts that her due process rights were violated when the

deputies failed "to enforce the prior court orders and perform an adequate investigation

to effectuate the arrest of Alfred Washington . . . ."  *Id.* at 4-5.

Nowhere did the complaint, ECF No. 7, allege a Fourth Amendment violation.

Moreover, the Fourth Amendment protects the right people "to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures,"
and requires that warrants must be based on probable cause, "supported by oath or
affirmation, and particularly describing the place to be searched, and the persons or
things to be seized." U.S. CONST. amend. IV. Ms. Washington's complaint does not
allege a Fourth Amendment violation.

To the degree she asserts a Fourteenth Amendment due process claim, the
complaint is insufficient as well. Ms. Washington's factual allegations suggest that she
believes she has a right to have law enforcement conduct an investigation. There is,
however, "no substantive due process right to an investigation, guaranteed by the
Constitution or otherwise." McGinley v. Jetton, No. 8:11-CV-322, 2011 WL 2600443, at
*6 (M.D. Fla. June 29, 2011) (citing Koger v. Florida, 120 F. App'x 327, 335 (11th Cir.
2005), and Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2005)). Additionally,
Ms. Washington has not alleged facts showing "a procedural due process violation
because there is no constitutionally protected liberty or property interest at stake in this
case." Vinyard, 311 F.3d at 1356.

Ms. Washington has no constitutional right to press criminal charges because "in
American jurisprudence at least, a private citizen lacks a judicially cognizable interest in
the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614,
619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973) (considering claim by mother to have
father of her child prosecuted for failing to support children); *see also* Cok v. Cosentino,
876 F.2d 1, 2 (1st Cir. 1989) (concluding that "a private citizen has no authority to
initiate a federal criminal prosecution") (citing Keenan v. McGrath, 328 F.2d 610, 611

(1st Cir. 1964)(same)); <u>Sattler v. Johnson</u>, 857 F.2d 224, 227 (4th Cir. 1988) (holding that a private citizen has no constitutional right under the Equal Protection Clause of the Fourteenth Amendment to have another person criminally prosecuted); <u>O'Berry v. State Attorneys Office</u>, 241 F. App'x 654, 657 (11th Cir. July 23, 2007) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against other citizens).  Ms. Washington's allegations against Deputies Simpson and Pierson fail to state viable § 1983 claims.

To the degree Ms. Washington also asserts a claim under § 1981, she does not allege any facts showing discrimination based on race.  There are no allegations which suggest that she was treated differently than any other citizen on account of her race.  Moreover, Ms. Washington does not present a viable claim under Title VII because she was not in an employment relationship with any named Defendant.  The motion to dismiss filed by Deputies Simpson and Pierson, ECF No. 29, should be **GRANTED**.

**Mr. Washington's motion to set aside default, ECF No. 43**

On July 22, 2015, the Clerk entered a default against Mr. Washington.  ECF No. 35.  On August 4, 2015, Ms. Washington filed a motion for default judgment, ECF No. 40, which remains pending.  Mr. Washington then filed a motion to set aside the Clerk's default on August 14, 2015.  ECF No. 43.  Ms. Washington filed a response, ECF No. 44, requesting that Mr. Washington's motion be denied.

Mr. Washington asserts that he "did not engage in culpable conduct."  ECF No. 43 at 2.  Rather, it is argued that the failure to answer was neglectful because he could not afford to retain legal counsel.  Mr. Washington contends that because he has

meritorious defenses, the default should be set aside. *Id.* at 2-3. Finally,

Mr. Washington points out that there is no prejudice to Ms. Washington in setting aside

the default. *Id.* at 3.

Pursuant to Rule 55(a), when a party "has failed to plead or otherwise defend,

and that failure is shown by affidavit or otherwise, the clerk must enter the party's

default." FED. R. CIV. P. 55(a). Rule 55(c), however, permits a Court to "set aside an

entry of default for good cause . . . ." FED. R. CIV. P. 55(c). " 'Good cause' is a mutable

standard, varying from situation to situation. It is also a liberal one—but not so elastic

as to be devoid of substance." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989) (quoted

in Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88

F.3d 948, 951 (11th Cir. 1996). " '[G]ood cause' is not susceptible to a precise formula"

but, some "general guidelines are commonly applied." Compania Interamericana Exp.-

Imp., 88 F.3d at 951. Courts should consider "whether the default was culpable or

willful, whether setting it aside would prejudice the adversary, and whether the

defaulting party presents a meritorious defense." *Id.* (citations omitted); Perez v. Wells

Fargo N.A., 774 F.3d 1329, 1337, n.7 (11th Cir. 2014). Because the factors are not

"talismanic," a court may also take into consideration "whether the defaulting party acted

promptly to correct the default." Compania Interamericana Exp.-Imp., 88 F.3d at 951;

Perez, 774 F.3d at 1337, n.7. "However, if a party willfully defaults by displaying either

an intentional or reckless disregard for the judicial proceedings," good cause to set

aside the default does not exist. Perez, 774 F.3d at 1337, n.7.

In this case, Ms. Washington filed a declaration for entry of default on July 20, 2015. ECF No. 32. Ms. Washington declared that Mr. Washington was served with process by a process server on June 24, 2015. *Id.* A reply to the complaint was due within twenty-one days, by July 15, 2015. *See also* ECF No. 17 (returned executed summons for Mr. Washington). On August 10, 2015, a notice of appearance was entered by counsel for Mr. Washington, ECF No. 41, and the motion to set aside the Clerk's default was filed on August 14, 2015. ECF No. 43. Although filed one month late, Mr. Washington has now demonstrated his desire to defend this case. It has been asserted that Mr. Washington was not acting in bad faith or intentionally disregarding this proceeding. Ms. Washington's arguments to the contrary do not present *facts* showing bad faith. ECF No. 44. Mr. Washington sought to obtain the assistance of counsel through "a long standing friendship" and now is able to properly defend this case. ECF No. 43 at 2.

Additionally, no prejudice to Ms. Washington is evident. Although she argues she "will suffer prejudice by having to endure further intentionally [sic] harassment by Defendant Washington," ECF No. 44 at 9, that conclusory assertion does not reveal prejudice. Prejudice is not shown by continuing litigation, a process that would have occurred anyway had an answer to the complaint been timely filed.

Finally, considering there a potentially meritorious defenses available to Mr. Washington,[6] it is better to decide this case on the merits. There is "a strong

---

[6] Ms. Washington previously filed documents from state court suggesting, among other reasons, that the doctrine of res judicata may be applicable. ECF No. 43 at 2; ECF No. 33 at 11-32.

preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." <u>Perez</u>, 774 F.3d at 1332. Courts should "strive to afford a litigant his or her day in court, if possible." <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1339 (11th Cir. 2005). Therefore, it is recommended that Mr. Washington's motion to set aside the default, ECF No. 43, be **GRANTED**. In light thereof, Ms. Washington's motion for default judgment, ECF No. 40, should be **DENIED**.

### Ms. Washington's motions

Ms. Washington filed a motion for a preliminary injunction and temporary restraining order on July 28, 2015. ECF No. 37. She also filed a motion to supplement the record, ECF No. 45, which is in support of her motion for an injunction. Ms. Washington seeks an order "enjoining the Defendant (Alfred Washington) his family members and invitees" from utilizing an easement to gain access "to and from the real property of Alfred Washington." ECF No. 37 at 1-2.

Ms. Washington's motion to supplement the record advises that Mr. Washington "has illegally erected another road sign" which she states is on her property. ECF No. 45. She also submitted an affidavit of another family member which is unrelated to the factual allegations of this lawsuit. ECF No. 45 at 3-6. The motion to supplement, ECF No. 45, should be **GRANTED** for the purpose of fully considering the motion to a preliminary injunction.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d

1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th

Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party

establishes:

> (1) a substantial likelihood of success on the merits;

> (2) a substantial threat of irreparable injury unless the injunction issues;

> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd.,

112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir.

1983).  A preliminary injunction is an extraordinary and drastic remedy and should not

be granted unless the movant "clearly carries the burden of persuasion" of all four

prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176

(11th Cir. 2000); Jefferson County, 720 F.2d at 1519 (citing Canal Auth. v. Callaway,

489 F.2d 567 (5th Cir. 1974)).

Ms. Washington has not shown a substantial likelihood of success on the merits

of this case.  First, Ms. Washington must demonstrate a federal basis for jurisdiction to

proceed with this litigation against Mr. Washington.  She alleges claims under § 1983

but has not demonstrated that Mr. Washington is a "state actor."  Second, this litigation

concerns a family dispute over an easement to property which has been ongoing since

2003.  See ECF No. 33 at 14-17.  Ms. Washington has not shown irreparable injury

concerning this long-standing property dispute.  Those reasons are sufficient to deny the motion for a preliminary injunction.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that: (1) the motion to dismiss filed by the Leon County Board of Commissioners, ECF No. 11, be **GRANTED**; (2) the motion to dismiss filed by the City of Tallahassee and Mayor Gillum, ECF No. 15, be **GRANTED**; (3) the motion to dismiss filed by Sheriff Larry Campbell, ECF No. 27, be **GRANTED**; (4) the motion to dismiss filed by Deputies Simpson and Pierson, ECF No. 29, be **GRANTED**; (5) the motion to set aside the default filed by Mr. Washington, ECF No. 43, be **GRANTED**; (6) the motion for default judgment filed by Ms. Washington, ECF No. 40, be **DENIED**; (7) the motion to supplement the record filed by Ms. Washington, ECF No. 45, be **GRANTED**; (8) the motion for a preliminary injunction and temporary restraining order filed by Ms. Washington, ECF No. 37, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 24, 2015.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:15cv114-RH/CAS