IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THELMA WASHINGTON,                              CASE NO.:   4:15-CV-00114-RH-CAS
    Plaintiff,
v.

ALFRED WASHINGTON, ET AL
    Defendants.
_____\

### DEFENDANT WASHINGTON'S MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Alfred Washington, through counsel, pursuant to F.R. C. P. 12 (b) (6), and moves this Court to dismiss Plaintiff's Amended Complaint for failure to state a cause of action.

#### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Count I of the Amended Complaint attempts to allege intentional torts of assault and battery against Defendant Washington.

Count II attempts to allege a conspiracy involving Defendant Washington.

Count VI attempt to allege a claim of assault and battery against Defendant Washington.

Not only did Plaintiff sue Mr. Washington, she also sued Leon County Sheriff Larry Campbell, Leon County Board of Commissioners and two (2) Leon County Officers and City of Tallahassee and Mayor Andrew Gillum.

#### STANDARD OF REVIEW

The following is extracted from Defendant Leon County's Motion to Dismiss and made applicable to Defendant Washington:

"In considering a motion to dismiss filed under Rule 12 (b) (6) of the Federal Rules of Civil Procedure, a trial court should accept all factual allegations in the complaint as true and evaluate any reasonable inferences to be drawn from those facts in a light most favorable to the Plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). However, only well pleaded factual allegations should be considered true, not conclusions, opinions, "'bald assertions' or 'unwarranted deductions of facts.' *Ashcroft v. Iqbal*, 556 U.S. 662, 978-679 (2009) (emphasis added); Aldana v. Del Monte Fresh Produce, N.A., Inc., 4216 F. 3d 1242, 1248 (11th Cir. 2005).

Although Rule 8 of the Federal Rules does not require detailed factual allegations, it does demand 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.' *Ashcroft*, 556 U.S. at 677."

## ARGUMENT

Plaintiff failed to allege sufficient facts to establish the elements of a cause of action for an intentional tort of assault and battery by Defendant Washington.

Also, Plaintiff failed to allege the necessary elements of a cause of action for a conspiracy between Defendant Sheriff and Defendant Washington.

## CONCLUSION

The complaint fails to satisfy the minimum requirements of *Ashcroft v. Igbal*, 556 U.S. 662 (2009).

Further, claims against Defendant Washington should be dismissed for failure to state a cause of action under Federal Rules of Civil Procedures 12 (b) (6).

RESPECTFULLY SUBMITTED, this 11th day of January 2016.

_____
Fred H. Flowers
Attorney for Alfred Washington

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served electronic mail to Plaintiff Thelma Washington, 8112 Roberts Road, Tallahassee, Florida 32309; Lisa Marie Truckenbrod, email: lmt@jollylaw.com; William B. Graham, Email: bgraham@carrrallison.com; Matthew Scott Scanlan: email mscanlan@carrallison.com; and Billy Jack Hendrix, email: billy.hendrix@talgov.com, this 11th day of January 2016.

_____
Fred H. Flowers, Esquire
FLOWERS LAW, LLC
Florida Bar No.: 0317837
2073 Summit Lake Drive, Suite 151
Tallahassee, FL 32317
Tele: 850. 681-2303 Fax: 850.224.6727
Email: fflow@flowerslawllc.com