IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**THELMA S. WASHINGTON,**

    Plaintiff,

vs.                                                               Case No. 4:15cv114-RH/CAS

**ALFRED WASHINGTON,**

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff Thelma Washington's motion requesting Defendants be required to show good cause why they should not be required to pay the costs of personal service, ECF No. 55, was granted. ECF No. 56. Defendants Campbell, Simpson, and Pierson responding to that Order, ECF No. 56, by filing a notice demonstrating Ms. Washington was reimbursed the costs of service. ECF No. 58. Defendant Alfred Washington contested payment, ECF No. 57, but was required to pay the $40.00 costs incurred in making service pursuant to Fed. R. Civ. P. 4(d)(2)(A) on or before April 22, 2016.

Mr. Washington did not comply and Ms. Washington filed a motion seeking an Order requiring his compliance. ECF No. 64. Thereafter, Mr. Washington filed a notice of compliance indicating payment was made. ECF No. 65. Accordingly, Ms. Washington's motion, ECF No. 64, is **DENIED as moot**.

On January 12, 2016, Mr. Washington filed a motion to dismiss Plaintiff's amended complaint. ECF No. 50. After adoption of the Report and Recommendation, ECF No. 46, and the dismissal of all claims against all Defendants other than Mr. Washington, *see* ECF No. 54, Ms. Washington was directed to file a response in opposition to the motion to dismiss, ECF No. 50. Ms. Washington complied on March 21, 2016, ECF No. 59, but on the next day, she filed a motion requesting leave to amend the complaint. ECF No. 60. Thereafter, an amended response was filed to the pending motion to dismiss. ECF No. 62.

Mr. Washington, the only Defendant remaining in this case, did not file a response to the motion requesting leave to amend. That motion requests that Ms. Washington "be allowed to amend the complaint to state a claim against the other defendants." ECF No. 60. She points out that

leave to amend should be freely given, and contends that her amendments are not futile. *Id.*

Submitted with the motion is the proposed amended complaint. ECF No. 60-1. Mr. Washington is again named as a Defendant, and this version of the complaint also seeks to name previously dismissed Defendants Officer Simpson, Officer Pierson, former Sheriff Campbell, the Leon County Board of Commissioners, and Tallahassee Mayor Gillum. *Id.* The facts presented within this proposed second amended complaint are basically the same facts alleged in the first amended complaint, ECF No. 7. The facts were insufficient in the first amended complaint and remain so in the proposed second amended complaint.

A plaintiff is not permitted to seek ways to revive claims against a defendant who has already been dismissed from a case. The time to amend has passed because motions to dismiss have already been granted. ECF No. 54. It is true that a final judgment[1] has not yet been

---

[1] If judgment had already been entered, the doctrine of *res judicata* would preclude granting the motion. Under that doctrine, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). In other words, *res judicata* forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991).

entered in this case under Rule 54(b) because the claim against Mr. Washington is still pending. *See* ECF No. 54. Yet a plaintiff cannot have multiple bites at the same apple. Leave to amend should be denied.

Additionally, Ms. Washington's assertions against Mr. Washington are conclusory and not supported by clear factual allegations demonstrating the violation of a federal constitutional right. Mr. Washington is a private citizen (as is explained in greater detail below) and there are no allegations which *demonstrate* that he is a "state actor." Merely alleging Mr. Washington is a state actor does not make it so. Furthermore, it is not enough to claim Mr. Washington has conspired with a state actor. Ms. Washington must present plausible facts showing as much. That she has not done.

The gist of this case is a dispute over an easement between Ms. Washington and Mr. Washington and whether Mr. Washington can post signs which would, liberally construed, notify others as to the proper place to access his residence. There may also be a potential tort claims against Mr. Washington. There is, however, no federal claim present in the allegations against Mr. Washington.

Mr. Washington sought dismissal of the first amended complaint on the basis that Ms. Washington "failed to allege the necessary elements of a cause of action for a conspiracy between [the] Defendant Sheriff and Defendant Washington." ECF No. 50 at 2. Mr. Washington requests dismissal because the complaint fails to state a cause of action under Rule 12(b)(6). *Id.*

Ms. Washington contends that she has sufficiently alleged that Mr. Washington is a state actor because law enforcement permitted him to put up a sign which said, "Buddy's Lane." ECF No. 62. She contends that shows that Mr. Washington was in a "symbiotic relationship" with the government. *Id.* at 3.

To state a claim for relief under § 1983, Ms. Washington must demonstrate she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach " 'merely private conduct, no matter how discriminatory or wrongful.' " American Mfrs. Mut.

Ins. Co., 526 U.S. at 50, 119 S. Ct. at 985 (citations and internal quotations omitted).

The Supreme Court has used three primary tests to determine whether state action exists when a "private" party is named as a Defendant in a § action: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test.  National Broadcasting Co., Inc. v. Communications Workers of America, AFL–CIO, 860 F.2d 1022, 1026 (11th Cir. 1988) (cited in Willis v. Univ. Health Servs., Inc., 993 F.2d 837, 840 (11th Cir. 1993)).  In this case, the first two test are not applicable.[2]  Ms. Washington contends the "nexus/joint action test" has been shown due to the "symbiotic relationship" alleged.  ECF No. 62 at 3.

"'To charge a private party with [s]tate action under this standard, the governmental body and private party must be intertwined in a symbiotic relationship.'" NBC, 860 F.2d at 1027 (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 357, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)) (quoted in Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1348 (11th

---

[2] The public function test concerns "instances where private actors are performing functions "traditionally the exclusive prerogative of the state." NBC, 860 F.2d at 1026 (citations omitted).  "The state compulsion test limits state action to instances where the government 'has coerced or at least significantly encouraged the action alleged to violate the Constitution.'"  NBC, 860 F.2d at 1026 (citations omitted).

Case No. 4:15cv114-RH/CAS

Cir. 2001)); *see also* Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1278 (11th Cir. 2003).  "The Supreme Court has indicated that the symbiotic relationship must involve the 'specific conduct of which the plaintiff complains.' "  Rayburn, 241 F.3d at 1348 (other citations omitted); Focus on the Family, 344 F.3d at 1278.  However, where there are no facts demonstrating the state had anything to do with the private citizen's decision to act in the manner challenged in this case (to put up signs on Ms. Washington's property), then there is no state action.  *See* Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1316 (11th Cir. 2000) (quoted in Focus on the Family, 344 F.3d at 1278).

   Here, Ms. Washington alleges that Mr. Washington has come onto her property in violation of a state easement order, destroyed portions of her fence, and placed a sign on her property.  There are no facts which show the state compelled him to do so, directed him to do so, or aided him in doing any of those acts.

   Despite the conclusory allegation of the first amended complaint that Mr. Washington and former Sheriff Larry Campbell were involved in a conspiracy, there are no facts showing any agreement between those parties or that they "reached an understanding" to deny Ms. Washington

her constitutional rights. Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990), *cert. denied*, 500 U.S. 932 (1991). The complaint is insufficient to state a federal claim and the motion to dismiss, ECF No. 50, should be granted in part.

As there has been no violation of federal constitutional rights, the only jurisdictional basis for this case proceeding in federal court, the Court should decline to exercise its supplemental jurisdiction over the remaining state law claims presented against Mr. Washington. Such a decision is entirely within the Court's discretion as specified in 28 U.S.C. § 1367(c)(3).[3] Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (encouraging "district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *see also* Lucero v. Trosch, 121 F.3d 591 (11th Cir. 1997); Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559 (11th Cir. 1994). In this case, the primary claims were the alleged federal claims. The state law claims should be

---

[3] The exercise of supplemental jurisdiction, previously called "pendent jurisdiction," is discretionary. United Mine Workers v. Gibbs, 383 U.S. 715, 728, 86 S.Ct. 1130, 1140, 16 L.Ed.2d 218 (1966) (stating that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

"dismissed without prejudice and left for resolution to state tribunals."[4]

Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139.

Accordingly, it is **ORDERED** that the motion to enforce a court order, ECF No. 64, be **DENIED as moot**.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that: Ms. Washington's motion for leave to file a second amended complaint, ECF No. 60, be **DENIED** and Mr. Washington's motion to dismiss the first amended complaint, ECF No. 50, be **GRANTED in part**.  The federal claims should be **DISMISSED** for failure to state a claim and the Court should decline to exercise jurisdiction over the remaining state law claims.

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2016.

            s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Indeed, it appears that Ms. Washington may have already litigated at least some of these issues in Leon County Circuit Court, case number 2011 DR 00936.  ECF No. 43 at 2.  Mr. Washington suggested as much in the motion to set aside default, ECF No. 43, but did not come forth with additional information to explain that defense. Nevertheless, the record here discloses Ms. Washington has filed numerous lawsuits against Mr. Washington "for over a decade" in state circuit court.  ECF No. 57.  The dispute here should be litigated in state court as no federal claims are evident.

Case No. 4:15cv114-RH/CAS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.